```
            IN THE UNITED STATES DISTRICT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN SCHMIDT,<br><br>               Plaintiff,<br><br>   v.<br><br>FEDERAL CORRECTIONAL INSTITUTION, FORT DIX, et al.,<br><br>               Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3789 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

Plaintiff Steven Schmidt (hereinafter "Plaintiff") brings this negligence action against Defendants Federal Correctional Institution, Fort Dix (hereinafter "FCI Fort Dix"), the United States of America, Anthony Hopson, and John Does 1-20 (fictious names) as a result of injuries sustained by Plaintiff while he was making a delivery to FCI Fort Dix. (Amended Complaint [Docket Item 16].) This matter comes before the Court by way of a motion filed by Defendants FCI Fort Dix and the United States of America (hereinafter "Federal Defendants") seeking summary judgment as to Count One of the Amended Complaint. (See Motion for Summary Judgment [Docket Item 33].)[1] In response, Plaintiff

---

[1] Federal Defendants' motion also seeks to dismiss Defendant "Federal Correctional Institution, Fort Dix" from this case, because only the United States is a proper defendant under the Federal Tort Claims Act. (See Memorandum of Law in Support of Government's Motion for Summary Judgment (hereinafter "Fed. Defs.'

filed a cross-motion for partial summary judgment, seeking to establish that Defendant Hopson is an employee of the United States for the purposes of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), (hereinafter "FTCA"). (See Cross Motion for Summary Judgment (hereinafter "Pl.'s Mot.") [Docket Item 37].) The principal issue to be decided is whether a federal inmate is an "employee" for the purposes of FTCA, where he is incarcerated in a federal prison and is working as a part of the Federal Bureau of Prisons' (hereinafter "BOP") inmate work program, acting within the scope of his duties interacting with civilians. For the reasons set forth below, the answer is yes. Accordingly, Federal Defendants' motion for summary judgment [Docket Item 33] will be denied and Plaintiff's cross-motion for partial summary judgment [Docket Item 37] will be granted. The Court finds as follows:[2]

---

Br.") [Docket Item 33-1], 9 n.12.) It does not appear that Plaintiff has responded to Federal Defendants' request in his opposition brief. (See generally Pl.'s Mot. [Docket Item 37], 20-38 on the docket.) However, the Court shall dismiss Defendant "Federal Correctional Institution, Fort Dix" from this suit, as "the only proper party to a claim under the [Federal Tort Claims Act] is the United States." Malouf v. Turner, 814 F. Supp. 2d 454, 462 (D.N.J. 2011) (citing CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir.2008)).

[2] For purposes of the instant motion and pursuant to Local Civil Rule 56.1, the Court looks to the Amended Complaint, [Docket Item 16] when appropriate, Federal Defendants' Statement of Material Facts Not in Dispute, [Docket Item 33-2], Plaintiff's Responsive Statement of Material Facts, [Docket Item 37, 9-19 on the docket], Federal Defendants' Response to Plaintiff's Responsive Statement

1. **Factual and Procedural Background.**[3] Plaintiff is a truck driver, and on January 27, 2014, at or around 8:30 a.m., Plaintiff delivered a load of refrigerated and dry food products to a warehouse operated by BOP at FCI Fort Dix. (See Transcript of Deposition of Steven Schmidt[4] (hereinafter "Pl.'s Dep.") [Docket Item 33-5], 13:24-14:11, 18:4-6; 22:12-14; 29:3-7.) Plaintiff parked near the warehouse, unlocked his truck, and waited for the truck to be unloaded. (See id. at 32:1-19, 41:24-42:8.) While waiting, Plaintiff spoke with Mike Murray, a non-incarcerated BOP employee who supervised the operations of the warehouse, to get directions to his next delivery location. (See id.) While speaking to Mr. Murray, Plaintiff's left foot and leg were struck by a forklift operated by Defendant Hopson, a federal inmate who was assigned by BOP to operate the forklift

---

of Material Facts, [Docket Item 38-1], and related exhibits and documents. Where not otherwise noted, the facts are undisputed by the parties.

[3] The factual and procedural background of this case is only presented insofar as it is necessary for the determination of the present motions. The material facts for determination of Defendant Hopson's work status at the time of the accident are not in dispute

[4] Federal Defendants filed excerpts from a deposition of Plaintiff in support of their present motion. (See Pl.'s Dep. [Docket Item 33-5].) Because the entire transcript has not been provided, the Court is unable to determine at this time whether the portions of the transcript cited herein are the only portions of that transcript that are relevant to the present motion. Nor is it clear from the documents provided who is conducting the questioning in most or all of the cited portions.

3

as part of an inmate work program. (See id. at 42:20-21; Transcript of Deposition of Michael Murray[5] (hereinafter "Murray Dep.") [Docket Item 33-4], 87:12-25, 88:14-22.) Plaintiff sustained serious injuries to his left leg and foot. (Id.) At the time of the incident, Defendant Hopson had been operating forklifts at FCI Fort Dix for approximately five (5) years. (See Transcript of Deposition of Anthony Hopson[6] (hereinafter "Hopson Dep.") [Docket Item 33-6], 9:23-25, 49:12-14.) Prior to beginning his work assignment operating forklifts, BOP administered a training program to ensure that Defendant Hopson understood how to operate a forklift safely. (See Murray Dep. [Docket Item 33-4], 145:15-146:9.) Only minimum-security inmates were permitted to perform the work of a forklift operator at FCI

---

[5] Federal Defendants filed excerpts of a deposition of Mr. Murray in support of their present motion. (See Murray's Dep. [Docket Item 33-4].) Because the entire transcript has not been provided, the Court is unable to determine at this time whether the portions of the transcript cited herein are the only portions of that transcript that are relevant to the present motion. Nor is it clear from the documents provided who is conducting the questioning in most or all of the cited portions. Nonetheless, the parties, in their submissions, assert the present record suffices for these cross-motions.

[6] Federal Defendants filed excerpts from a deposition of Defendant Hopson in support of their present motion. (See Hopson Dep. [Docket Item 33-6].) Because the entire transcript has not been provided, the Court is unable to determine at this time whether the portions of the transcript cited herein are the only portions of that transcript that are relevant to the present motion. Nor is it clear from the documents provided who is conducting the questioning in most or all of the cited portions.

Fort Dix, because such a job is done "outside the fences," meaning that the inmates have direct interaction with members of the public. (See id. at 145:4-7, 162:1-18.) In the event that no inmates were available to operate the warehouse forklifts, they would be operated by ordinary (non-incarcerated) BOP employees. (See id. at 150:8-10, 152:4-8.) Inmates assigned to operate the warehouse forklift receive an hourly wage, as well as vacation time and bonus pay at the discretion of the inmate's supervisor. (See 28 C.F.R. §§ 545.22-.27; BOP Inmate Performance Pay Hourly Rate [Docket Item 33-7].)

2. On June 5, 2015, Plaintiff filed the instant action. (See Complaint [Docket Item 1].) Plaintiff filed an Amended Complaint on January 27, 2016.[7] (See Amended Complaint [Docket

---

[7] The Amended Complaint, which Plaintiff filed with Federal Defendants' consent, added Defendant Hopson, the inmate who was operating the forklift when it collided with Plaintiff, as an individual defendant. (Compare Complaint [Docket Item 1] with Amended Complaint [Docket Item 16].) On February 2, 2016, a summons was issued as to Defendant Hopson, (see Summons Issued [Docket Item 20]), and the docket reflects that Defendant Hopson was served on March 9, 2016. (See Certificate of Service [Docket Item 21].) However, the docket also reflects that no attorney has ever made an appearance on behalf of Defendant Hopson in this matter, nor has Defendant Hopson made an appearance pro se. Nevertheless, Defendant Hopson has been deposed in regards to this case and excerpts of Defendant Hopson's deposition have been submitted in support of Federal Defendants' present motion. (See generally Hopson Dep. [Docket Item 33-6].) This deposition appears to have been taken on April 6, 2017, well over a year after the Amended Complaint added Defendant Hopson as an individual defendant in this matter. (See generally id.) It is unclear from the portions of the transcript provided whether AUSA Bober, counsel for Federal Defendants, was representing Defendant Hopson during this

5

Item 16].) Federal Defendants filed their Answer to Plaintiff's Amended Complaint on February 2, 2016. (See Answer [Docket Item 18].) Plaintiff's Amended Complaint alleges, inter alia, that "[o]n January 27, 2014, the fork lift [sic] operator on behalf of Defendant [FCI Fort Dix] . . . was operating a forklift on behalf of Defendant [FCI Fort Dix] in a negligent manner, striking Plaintiff [], running over and seriously injuring Plaintiff's left ankle." (Amended Complaint [Docket Item 16], Count One, ¶ 4.) Additionally, Plaintiff alleges that "[t]he actions of the forklift operator were as an employee, servant or agent on behalf of [Federal Defendants] operating the property through the [BOP]." (Id. at Count One, ¶ 7.) Plaintiff is seeking damages from Federal Defendants for the injuries he sustained as a result of the allegedly negligent behavior of the forklift operator. (Id. at Count One, ¶ 8.)

3. Federal Defendants filed the present motion for summary judgment, arguing that they are entitled to judgment in

---

deposition or whether Defendant Hopson was unrepresented. (See id.) It is further unclear whether Defendant Hopson was actually aware that he has been named as an individual defendant in this suit. (See id.) In light of the preceding, counsel for Plaintiff shall, **by no later than October 12, 2018**, submit a letter detailing the status of Defendant Hopson in this suit, including whether Defendant Hopson was represented by counsel at his deposition and whether Defendant Hopson was aware during his deposition that he has been named as an individual defendant in this suit. Plaintiff's counsel shall also address whether, in light of the Court's determination herein, Plaintiff is prepared to voluntarily dismiss his case against Defendant Hopson.

their favor as to Count One of the Amended Complaint, because the FTCA does not act as a waiver of sovereign immunity with respect to the negligent actions of federal inmates engaged in an inmate work program, such as Defendant Hopson. (See Fed. Defs.' Br. [Docket Item 33-1], 13-23.) In response, Plaintiff filed the present cross-motion for summary judgment as to Count One, seeking partial summary judgment for a determination, as a matter of law, that Defendant Hopson is regarded as an employee of the government under the statutory definition of "[e]mployee of the government" in the Federal Tort Claims Act, 28 U.S.C. § 2671. (See Pl.'s Mot. [Docket Item 37].) Federal Defendants filed a reply. (See Reply Memorandum of Law [Docket Item 38].) The issues of Defendant Hopson's negligence or Plaintiff's damages are not implicated or addressed in these cross-motions. The pending motions are now fully briefed and ripe for disposition. The Court will decide the motions without oral argument, pursuant to Fed. R. Civ. P. 78.

4. **Standard of Review.** At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth

specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

    5.   A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cnty. of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252).

    6.   **Discussion.** This is the relatively rare case where there is no dispute as to the material facts regarding these competing motions for summary judgment. Plaintiff brings suit in Count One against Federal Defendants under the Federal Tort Claims Act, which holds the United States liable "only to the extent that in the same circumstances the applicable local law

would hold 'a private person' responsible." Lomando v. United States, 667 F.3d 363, 373 (3d Cir. 2011).

> Under the FTCA, the sovereign immunity of the United States is waived for certain torts committed by Federal employees. See 28 U.S.C. § 1346(b). A claim under the FTCA must be (1) against the United States, (2) for money damages, (3) "for injury or loss of property, or personal injury or death," (4) caused by the negligent or wrongful act or omission of any employee of the United States, (5) "while acting within the scope of his office or employment," (6) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id.

Curbison v. U.S. Gov't of N.J., No. 05-5280, 2006 WL 3544560, at *8 (D.N.J. Dec. 7, 2006). The definition of "employee" under the FTCA is key to the resolution of this dispute about Defendant Hopson's capacity. By the terms of the FTCA itself,

> **"[e]mployee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty . . . , and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization . . . .**

28 U.S.C. § 2671. Federal Defendants contend that Defendant Hopson, as an inmate engaged in a BOP work program, does not fall under the FTCA's definition of an "employee of the government," and therefore that the United States has not waived

9

sovereign immunity with respect to liability for his negligence. (See Fed. Defs.' Br. [Docket Item 33-1], 11-23.) Plaintiff contends that Defendant Hopson does fall under the FTCA's definition of an "employee of the government," and therefore that the United States has waived sovereign immunity with respect to liability for his negligence. (See Pl.'s Mot. [Docket Item 37], 20-38 on the docket.) If Federal Defendants' position is correct, then they are entitled to summary judgment as to Count One, as a matter of law. If Plaintiff's position is correct, then he is entitled to partial summary judgment establishing that Defendant Hopson is an employee for the limited purposes of the FTCA.[8]

7. There is no evidence that Defendant Hopson is a "member[] of the military or naval forces of the United States, [a] member[] of the National Guard. . . , [or an] officer or employee of a Federal public defender organization." Therefore, the Court shall confine its analysis to whether Defendant Hopson

---

[8] The parties appear to agree that there is only one prior case addressing whether or not the United States can be held liable for the torts of an inmate under the FTCA: Sapp v. United States, 227 F.2d. 280 (5th Cir. 1955). In Sapp, the Fifth Circuit held that "the relationship of [a federal] prisoner to [a federal] guard is not such as will under the common law impute the negligence of the former to the latter." Id. at 282. However, the parties also agree that the Sapp court was not called on to decide whether the inmate was an "employee" for the purposes of the FTCA. (See Fed. Defs.' Br. [Docket Item 33-1], 19; Pl.'s Mot. [Docket Item 37], 37 on the docket.) Therefore, the Court finds that neither the holding nor the reasoning of Sapp are of assistance in the present context.

is an "officer[] or employee[] of any federal agency" or a "person[] acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

    8. As described, supra, it is undisputed that:

- Defendant Hopson worked for BOP as a forklift operator, a job for which BOP trained him, in the warehouse at FCI Fort Dix;

- Defendant Hopson's work assignment included unloading deliveries of foodstuffs from commercial suppliers for the use of BOP at FCI Fort Dix;

- Defendant Hopson, while in his role as forklift operator, would regularly come into contact with members of the public, working "outside the fence" at the FCI Fort Dix warehouse and its loading dock;

- Defendant Hopson was supervised by Mr. Murray, a non-incarcerated BOP employee;

- Defendant Hopson was compensated for his work with an hourly wage and with the opportunity for bonus pay and vacation time;

- In the event that no inmates were able to operate the forklift, a non-incarcerated BOP employee would do so.

9. With these facts not in dispute, the Court finds that Defendant Hopson, while operating a forklift for Defendant FCI Fort Dix, was an "employee of the government" for the purposes of the FTCA as that term is statutorily defined by § 2671. The work that Defendant Hopson was engaged in was important to the work of BOP, a federal agency.[9] He was closely supervised by BOP managers. He was compensated for his work.[10] And his work, by necessity, required interaction with the public and therefore

---

[9] Federal Defendants assert that Defendant Hopson is not the type of worker who is considered to be "acting on behalf of a federal agency." (Fed. Defs.' Br. [Docket Item 33-1], 21.) Federal Defendants initially cite to the case of Krichman v. United States, 256 U.S. 363 (1921), which pertains to a criminal charge of bribery and predates the passage of the FTCA by a number of decades. The Court therefore finds Krichman unpersuasive in determining the meaning of the terms of the FTCA. Federal Defendants further cite to Logue v. United States, 412 U.S. 521 (1973), and its progeny. (See Fed. Defs.' Br. [Docket Item 33-1], 21-23.) However, the Logue line of cases grapple with the distinction between an employee of the United States and an independent contractor engaged by the the United States. As Federal Defendants have not made an argument that Defendant Hopson should be considered an independent contractor for the purposes of the FTCA, the Court finds this line of cases inapposite. Any argument that Defendant Hopson was an independent contractor would fail, as every aspect of his forklift operator job was determined by and directly supervised by BOP, as were all his terms and conditions of employment, leaving Defendant Hopson no autonomy in deciding how and when he would perform his job or the equipment he would use.

[10] The Court notes that the FTCA does not require that an individual be compensated in order to fall within the definition of an "employee of the government." 28 U.S.C. § 2671. That Defendant Hopson was paid at a very low rate payable for BOP work program labor is of no moment, for it satisfies the definitional terms of "with or without compensation," 28 U.S.C. § 2671, supra.

created the possibility of incurring liability for negligence while in the course of his federal work assignment.

10. In determining Defendant Hopson's status as an employee, the Court applies the clear words of the FTCA to determine Congress's intent. The Court notes that the syntax of the words Congress chose to use also supports this determination, wherein Congress indicated that an "employee of the government" for the purposes of the FTCA includes individuals in categories broader than "officers and employees of any federal agency," or else the definition would have stopped there. Congress broadened the reach of covered individuals beyond such federal agency officers and employees to include certain members of the armed forces and National Guard, as wall as "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States," whether paid or unpaid, a category significantly expanding the ordinary conception of an "employee." Where the wording and the internal structure of the FTCA is clear, we do not need to consider "policy" arguments to figure out whether this result is correct. See McNeill v. United States, 563 U.S. 816, 819 (2011) ("As in all statutory construction cases, we begin with 'the language itself [and] the specific context in which that language is used.'" (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997))); Cent.

13

Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 165 (1994) ("SEC's various policy arguments . . . cannot override the Court's interpretation of the Act's text and structure because such arguments do not show that adherence to the text and structure would lead to a result so bizarre that Congress could not have intended it." (citing Demarest v. Manspeaker, 498 U.S. 184, 191 (1991))). Nonetheless, the Court will briefly address the parties' policy-related arguments for and against this interpretation

11. <u>Federal Defendants' policy arguments</u>: Federal Defendants further argue that Defendant Hopson should not be considered covered by the FTCA, because federal inmates engaged in a work program are not considered "employees" for the purposes of other federal statutory schemes, including the Fair Labor Standards Act, the Age Discrimination in Employment Act, the Toxic Substances Control Act, the Clean Air Act, and the Federal Employees Compensation Act. (<u>See</u> Fed. Defs.' Br. [Docket Item 33-1], 15-18, 23-24.) However, Plaintiff argues that the case law surrounding these statutes is inapposite and the argument is unpersuasive, because

> [t]hose cases all dealt with interpretation of statutes to deal with different social issues that were to protect the rights of employees but not intended for the benefit of inmates. This case involves a separate piece of legislation, the FTCA. The purpose of the FTCA is to protect individuals injured by

14

> employees. Thus, the court is not being asked
> to interpret a statute for the purpose of
> benefiting an inmate. Rather, the court is
> being asked to interpret a statute for the
> purpose of benefiting an individual injured by
> virtue of a tort performed by a person acting
> for the Government.

(See Pl.'s Mot. [Docket Item 37], 32-38.) The Court agrees that the reasoning undergirding the decisions described by Federal Defendants does not apply to the present case, because the FTCA works to benefit persons who are injured by torts committed by "employees" of the United States, not to benefit those "employees" themselves, albeit in the context of a limited waiver of sovereign immunity.[11]

    12. Federal Defendants also contend that holding Defendant Hopson to be an "employee of the government" for the purposes of the FTCA, it would expose the United States to liability for the torts of the thousands of federal inmates who engage in a BOP work program. (See Fed. Defs.' Br. [Docket Item 33-1], 24-26.) This concern may be more hypothetical than real, as research has disclosed that the present situation is rare and is unaddressed in any on-point judicial decision. However, as Defendant Hopson's activities clearly fall within the definition of

---

[11] The converse of Federal Defendants' argument is that a prison inmate participating in a work program performing duties supervised by, and for the benefit of, BOP who negligently causes injury to a member of the public should be subjected to a personal judgment and perhaps a lifetime financial obligation to the injured party. We have located no precedent reaching such a conclusion.

"employee of the government" provided by statute, should BOP feel that the present FTCA contains an overly-broad scope of coverage for negligent acts of an "employee of the government," their recourse is with Congress, not the courts.

13. **Conclusion.** For the reasons stated above, Federal Defendants' motion for summary judgment [Docket Item 33] will be denied, except it will be granted to dismiss Plaintiff's claims against Defendant "Federal Correctional Institution, Fort Dix," which is not an appropriate defendant under the FTCA. Plaintiff's cross-motion for partial summary judgment will be granted to determine only, as a matter of law, that Defendant Hopson was operating his BOP forklift unloading a commercial delivery from Plaintiff's truck at the time of the incident as an "employee of the government" for the purposes of the FTCA. An accompanying Order will be entered.

**September 26, 2018**      **s/ Jerome B. Simandle**
Date     JEROME B. SIMANDLE
    U.S. District Judge