IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN SCHMIDT,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3789 (JBS-KMW)<br><br>**MEMORANDUM<br>OPINION** |

**SIMANDLE**, District Judge:

Plaintiff Steven Schmidt (hereinafter "Plaintiff") brings this negligence action under the Federal Tort Claims Act (hereinafter "FTCA") against Defendants the United States of America (hereinafter "the United States") and John Does 1-20 (fictious names)[1] as a result of injuries sustained by Plaintiff while he was making a delivery to a warehouse facility outside the fence of the Federal Correctional Institution, Fort Dix (hereinafter "FCI Fort Dix"). (See Amended Complaint [Docket Item 16].) Plaintiff, a commercial truck driver, alleges he was injured while making a delivery to a warehouse facility at FCI Fort Dix when he was struck by a forklift operated by FCI Fort Dix worker/inmate Anthony Hopson, under the direction and in the

---

[1] Plaintiff's Amended Complaint also named FCI Fort Dix worker/inmate Anthony Hopson as a defendant. (See [Docket Item 16].) However, Mr. Hopson was voluntarily dismissed from this case on November 6, 2018. (See Order [Docket Item 54].)

presence of Bureau of Prisons (hereinafter "BOP") supervisor
Michael Murray. This matter comes before the Court by way of a
motion filed by the United States[2] seeking summary judgment as to
Counts Three through Six of the Amended Complaint. (See Motion
for Summary Judgment [Docket Item 39].) Plaintiff has filed a
brief opposing the United States' motion. (See Plaintiff's Brief
in Opposition (hereinafter "Pl.'s Opp'n") [Docket Item 43].) The
United States has filed a reply brief. (See Reply Brief [Docket
Item 49].) The principal issues to be decided are whether the
"discretionary function exception" to the FTCA, 28 U.S.C. §§
1346(b), 2680(a), bars any of Plaintiff's claims, and whether
any of Plaintiff's claims are barred due to Plaintiff's alleged
failure to exhaust administrative remedies prior to filing this
suit. (See United States' Br. [Docket Item 39-1].) For the
reasons set forth below, the United States' motion for summary
judgment [Docket Item 39] will be granted with respect to
certain portions of Count Six of the Amended Complaint; Counts
Two, Five, and Six of the Amended Complaint will be dismissed;

---

[2] This motion was initially filed also on behalf of Defendant FCI
Fort Dix. (See Motion for Summary Judgment [Docket Item 39].)
However, subsequent to the filing of this motion, the Court
dismissed Defendant FCI Fort Dix from this suit. (See Memorandum
Opinion [Docket Item 47], 1-2 n.1; Order [Docket Item 48], 1.) The
sole proper defendant in an FTCA case arising from the alleged
negligence of an employee or agent of the United States is the
United States.

Count Seven of the Amended Complaint will be dismissed without prejudice; and the remainder of the United States' motion will be denied. The Court finds as follows:[3]

1.  **Factual and Procedural Background.** The factual and procedural background of this case was previously detailed in the Court's Memorandum Opinion of September 26, 2018, and shall not be repeated herein, except as necessary for the determination of the present motion. See Schmidt v. Fed. Corr. Inst., Fort Dix, No. 15-3789, 2018 WL 4620672, at *1-2 (D.N.J. Sept. 26, 2018).

2.  Federal Defendants originally filed a prior motion for summary judgment, arguing that they were entitled to judgment in their favor as to Count One of the Amended Complaint, because the FTCA does not act as a waiver of sovereign immunity with respect to the negligent actions of federal inmates engaged in an inmate work program, such as Mr. Hopson. (See Fed. Defs.' Br. [Docket Item 33-1], 13-23.) In response, Plaintiff filed a cross-motion for summary judgment as to Count One, seeking

---

[3] For purposes of the instant motion and pursuant to Local Civil Rule 56.1, the Court looks to the Amended Complaint, [Docket Item 16] when appropriate, the United States' Statement of Material Facts Not in Dispute, [Docket Item 39-2], Plaintiff's Responsive Statement of Material Facts, [Docket Item 43, 5-9 on the docket], Plaintiff's Counterstatement of Material Facts, [Docket Item 43, 10-17 on the docket], Federal Defendants' Response to Plaintiff's Counterstatement of Material Facts, [Docket Item 46-1], and related exhibits and documents. Where not otherwise noted, the facts are undisputed by the parties.

partial summary judgment for a determination, as a matter of law, that Defendant Hopson is regarded as an employee of the government under the statutory definition of "[e]mployee of the government" in the Federal Tort Claims Act, 28 U.S.C. § 2671. (See Pl.'s Mot. [Docket Item 37].) On September 26, 2018, the Court denied Defendants' earlier motion for summary judgment [Docket Item 33], except insofar as it sought to dismiss Defendant FCI Fort Dix, and granted Plaintiff's cross-motion for summary judgment [Docket Item 37] "to determine only, as a matter of law, that [Mr.] Hopson was operating his [Federal Bureau of Prisons] forklift unloading a commercial delivery from Plaintiff's truck at the time of the incident as an 'employee of the government' for the purposes of the [Federal Tort Claims Act, 28 U.S.C. § 2671]." (See Memorandum Opinion [Docket Item 47], 16.)

3.    On November 6, 2018, Mr. Hopson, who was previously individually named as a defendant in this case, was voluntarily dismissed, since the United States is the sole proper defendant in an action arising from the negligence of its employee or agent acting within the scope of his or her duties. See 28 U.S.C. § 2679(c)-(d); Order [Docket Item 54].

4.    Thereafter, the United States filed the present motion for summary judgment as to Counts 3, 4, 5, and 6. (See Motion for Summary Judgment [Docket Item 39].) The pending motion is

fully briefed and ripe for disposition. The Court held oral argument on November 7, 2018.

5.    **Standard of Review.** At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

6.    A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cnty. of Allegheny, Pa.,

139 F.3d 386, 393 (3d Cir. 1998) (quoting <u>Anderson</u>, 477 U.S. at 252).

7. **Discussion.** In the present motion, the United States seeks summary judgment in its favor with regard to Counts Three, Four, Five, and Six of the Amended Complaint. (<u>See</u> Motion for Summary Judgment [Docket Item 39].)

a. <u>Count Two – Negligent Operation of the Forklift.</u> Plaintiff brings suit in Count Two against Mr. Hopson for injuries sustained by Plaintiff as a result of Mr. Hopson's allegedly negligent operation of the forklift at issue in this case. (Amended Complaint [Docket Item 16], Count Two ¶ 4-7.) However, at oral argument, Plaintiff conceded that he would consent to dismiss Count Two, as he believes that is repetitive of the allegations set forth in Count One of the Amended Complaint and because Mr. Hopson, deemed an employee of the United States for purposes of FTCA liability, cannot be individually sued for negligence within the scope of his federal employment. As such, the Court shall dismiss Count Two, while recognizing that Mr. Hopson's negligence in the operation of the forklift is attributable to the United States by operation of the FTCA, and as alleged in Count One.

b. <u>Count Three – Negligent Operation of FCI Fort Dix.</u> Plaintiff brings suit in Count Three against the United

States for injuries sustained by Plaintiff as a result of the allegedly negligent operation of FCI Fort Dix, including:

> a. negligently failing to establish and implement policies and procedures sufficient for the safe operation of the loading and unloading at its facility;
> b. negligently failing to reasonably train its forklift operators, including the forklift operator on the date of the accident;
> c. negligently failing to reasonably supervise its forklift operators, including the forklift operator on the date of the accident
> d. negligently failing to operate and supervise the loading dock;
> e. negligently creating and operating a program using prisoners as operators of mechanical equipment without creating reasonable and adequate procedures for the safety of visitors, including Plaintiff, and/or
> f. otherwise acting negligently.

(Amended Complaint [Docket Item 16], Count Three ¶ 4.) The United States asserts that it is entitled to summary judgment as to Count Three because the discretionary function exception bars any claims regarding the United States' negligent supervision or negligent training of Mr. Hopson, and regarding the United States' "fail[ure] to establish and implement policies and procedures sufficient for the safe operation of the loading and unloading at its facility." (United States' Br. [Docket Item 39-1], 16-18, 25-26.) However, at oral argument, Plaintiff conceded that he would withdraw any arguments regarding the propriety of the policy of using prisoners to operate forklifts in general, or regarding negligent training or supervision of Mr. Hopson in particular. Plaintiff further

asserted at oral argument that in Count Three he is only pursuing claims regarding Mr. Murray's personal negligence as a BOP employee at the time of the accident. Additionally, Plaintiff argues that the discretionary function exception does not shield the United States from liability for Mr. Murray negligently putting Plaintiff in harm's way, since Mr. Murray knew of the layout and potential dangers of the loading area. (Pl.'s Opp'n [Docket Item 43], 22-31.) Plaintiff also argues that the discretionary function exception does not shield the United States from liability for Murray's negligent actions related to "loading dock operational activities" or supervision at the time in question. (Id.)

The United States responds that there is no evidence that Mr. Murray "directed" Plaintiff into the forklift's path. (United States' Reply [Docket Item 46], 2-6.) However, Plaintiff need not show that he was specifically "directed" into the forklift's path by Mr. Murray in order to succeed on this count. Plaintiff alleges that Mr. Murray was talking with him and failed to warn him even as the forklift backed into him and struck him. The United States also fails to show that there is no genuine dispute of material fact as to Mr. Murray's alleged breach of this duty. As such, the United States has failed to meet its burden to establish that it is entitled to summary judgment as to Count Three on the basis that there is no genuine dispute of material fact, and this portion

of the United States' present motion shall not be granted on these grounds.

The United States also seeks summary judgment with regard to Count Three on the basis that "operational activities" such as supervising inmate workers are covered by the discretionary function exception. (United States' Reply [Docket Item 46], 6-12.) However, as Plaintiff has made clear at oral argument that in Count Three he is only pursuing claims of negligence based on Mr. Murray's own direct actions or inactions, and not based on Mr. Murray's training or supervision of Mr. Hopson, this portion of the United States' present motion shall be dismissed as moot because Plaintiff has dropped his claim that the BOP's policies and procedures in selecting, training, and supervising inmates to perform forklift operations were negligent, and such allegations by Plaintiff are dismissed.

Plaintiff's remaining claim in Count Three boils down to the assertion that Mr. Murray was a BOP employee who owed Plaintiff a duty of due care when dealing with him at the warehouse, including warning of imminent dangers that Plaintiff may not have perceived, caused by the nearby forklift operations, and that breach of this duty was a proximate cause of the accident. The Court finds there is a genuine dispute of material fact as to Mr. Murray's conduct toward Plaintiff at the time of the accident. Plaintiff appears to

allege that Mr. Murray was giving Plaintiff directions[4] to his next delivery location, thereby distracting Plaintiff from the dangers of the oncoming forklift. (Plaintiff's Counterstatement of Material Facts [Docket Item 43], 17 on the docket, ¶¶ 14-16.) The United States admits that Mr. Murray was "instructing" Plaintiff, but denies that Mr. Murray was "actively" giving Plaintiff directions. (Response to Plaintiff's Counterstatement of Material Facts [Docket Item 46-1], ¶¶ 14-16.) The nature of the interaction between Plaintiff and Mr. Murray immediately leading up to the collision is material to what duty Mr. Murray may have owed Plaintiff with regards to preventing the collision or giving Plaintiff ample warning regarding the impending collision, and whether Mr. Murray breached that duty. Therefore, the present dispute of fact as to the interactions between Plaintiff and Mr. Murray is indeed material to the claims in this count and summary judgment as to this count shall therefore be denied.

The United States further argues that it is entitled to summary judgment on Count Three, because Plaintiff failed to exhaust his administrative remedies in relation to the allegations

---

[4] The United States may misunderstand the Plaintiff's use of the word "direction" in relation to the allegations in this count. It appears to the Court that the Plaintiff contends that Mr. Murray was giving Plaintiff directions to Plaintiff's next delivery location at the time of the collision, while the United States appears to believe that Plaintiff contends that Mr. Murray was actively directing Plaintiff into the path of the forklift.

in Count Three. (See United States' Br. [Docket Item 39-1], 26-29.) Specifically, the United States argues that Plaintiff's administrative tort claim notice did not explicitly set forth the theories of liability alleged in Count Three, and therefore Plaintiff may not bring suit under the FTCA for these theories. (Id.) Plaintiff asserts that his tort claim notice put the United States on sufficient notice that his claims pertained to Mr. Murray's actions or inactions, such that there is no basis for the United States' assertion that Plaintiff has failed to exhaust his administrative remedies. (Pl.'s Opp'n [Docket Item 43], 31-32.)

The FTCA provides that, to exhaust a claim and give proper pre-suit notice, a claimant "shall," before filing a lawsuit for personal injury arising from the acts or omissions of the United States or its employees or agents, "present[] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). The administrative tort claim requirement is a precondition to the United States' waiver of sovereign immunity that must be strictly construed. Livera v. First Nat'l Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989). Standard Form 95, promulgated for this purpose across all federal agencies, instructs the claimant to "[s]tate in detail the known facts and circumstances surrounding the damage, injury or death, identifying the persons or property involved, the place of occurrence and the cause thereof." (SF 95, at Bober Decl., Ex. D., box 8.)

As the United States pointed out in its brief,

> [t]o comply with the presentment requirement,
> the administrative claim "need not elaborate
> all possible causes of action or theories of
> liability," but it must provide the agency
> notice of "the facts and circumstances"
> underlying the claims. Bethel v. United
> States, 495 F. Supp. 2d 1121, 1123 (D. Colo.
> 2007); see also Glade ex rel. Lundskow v.
> United States, 692 F.3d 718, 722 (7th Cir.
> 2012) (FTCA administrative claim "need not set
> forth a legal theory, but must allege facts
> that would clue a legally trained reader to
> the theory's applicability."); Staggs v.
> United States, 425 F.3d 881, 884 (10th Cir.
> 2005) (administrative claim requires "a
> written statement sufficiently describing the
> injury to enable the agency to begin its own
> investigation").

(United States' Br. [Docket Item 39-1], 27.)

In this case, Plaintiff's tort claim thoroughly describes the date, location, and events that underlie his claims for compensation. (See Tort Claim [Docket Item 39-7].) Specifically, the tort claim stated that

> [Plaintiff] is an independent truck driver who
> was on prison property for the purpose of
> delivering a load of food products to Fort Dix
> Federal Prison. [Plaintiff]'s truck was parked
> parallel to another truck that was being
> unloaded at the time. The truck was not backed
> to a loading dock; rather, a hand truck was to
> be lifted into the trailer that would be used
> to bring pallets to the rear of the trailer
> where they could be off loaded with a
> forklift.
>
> [Plaintiff] had exited his truck and had
> approached the rear of the trailer to open the
> doors. [Plaintiff]was standing at the rear of
> the trailer with a prison employee only known

as "Mike."[5] Without warning, a forklift ran over [Plaintiff]. The forklift was being operated by a prisoner and was in reverse at the time. The forklift did not have an operating reverse warning sound or alarm at the time. The person named "Mike" attempted to pull [Plaintiff]to safety but was unable to do so. Severe crush injuries to his ankle and leg occurred that required 6 different surgical procedures.

(Id. at 4-5 on the docket.)

Plaintiff's tort claim clearly gave the United States notice of "the facts and circumstances" underlying Plaintiff's claims, but did not need to identify all causes of action or theories of liability. Bethel v. United States, 495 F. Supp. 2d 1121, 1123 (D. Colo. 2007); see also Glade ex rel. Lundskow v. United States, 692 F.3d 718, 722 (7th Cir. 2012). Plaintiff's tort claim also "allege[d] facts that would clue a legally trained reader" to the potential for Plaintiff to claim that Mr. Murray's allegedly negligent actions gave rise to the United States' liability or inactions with respect to the events in question. Glade, 692 F.3d at 722. Finally, Plaintiff's tort claim was certainly "a written statement sufficiently describing the injury to enable the agency to begin its own investigation" of the events surrounding Plaintiff's injury. Staggs, 425 F.3d at 884. Therefore, the Court finds that Plaintiff's tort claim was sufficient to exhaust his administrative remedies and put the United States on notice as to

---

[5] The Court understands this to be a reference to Mr. Murray.

the potential for liability under the theories advanced in Count

Three, among others; the Court will deny summary judgment in part

as to the aspect of Count Three that alleges negligence by Mr.

Murray in his dealings with Plaintiff, but Count Three is otherwise

dismissed.

      c.    <u>Count Four – Negligent Maintenance of the</u>

<u>Forklift.</u> Count Four alleges the United States' negligent use

and maintenance of the forklift at issue in this case. (Amended

Complaint [Docket Item 16], Count Four ¶ 4-6.) Plaintiff

indicated at oral argument that he is only pursuing this count

insofar as it relates to Plaintiff's allegation that the

forklift did not have a functioning backup alarm at the time

that it collided with Plaintiff, thus failing to provide due

warning to Plaintiff, and that the remainder of this Count is

withdrawn.

     With regard to Plaintiff's claims regarding the forklift's

backup alarm, the United States asserts that it is entitled to

summary judgment because there is no genuine dispute of material

fact regarding the backup alarm. (<u>See</u> United States' Br. [Docket

Item 39-1], 30.) Specifically, the United States asserts that

Mr. Hopson testified that he tested the backup alarm prior to

using the forklift, and that he would not have used the forklift

if the backup alarm was not functioning. (<u>See</u> <u>id.</u>; Hopson Dep.

[Docket Item 39-6], 57:6-59:2.) Furthermore, the United States

asserts that Mr. Murray certified that he tested the forklift after the accident and that at that time the backup alarm was working. (See United States' Br. [Docket Item 39-1], 30; Murray Cert. [Docket Item 39-8], ¶ 9.) The United States finally asserts that Plaintiff "testified that he did not recall hearing a backup alarm before he was stricken." (United States' Br. [Docket Item 39-1], 30) However, the United States' final assertion is partly inaccurate. The following is an excerpt from the transcript of Plaintiff's deposition:

> Q. Do you recall whether that forklift -- do you recall whether that forklift had a backup alarm?
>
> A. No.
>
> Q. You know, when you say you don't recall, I'm asking do you not recall or do you specifically remember not hearing a backup horn?
>
> A. There was no backup beeper or no alarm on there.

(Schmidt Dep. [Docket Item 39-5], 50:21-51:2.) The Court notes that Plaintiff's testimony is not merely that he does not "recall" hearing a backup alarm, but that he affirmatively asserts that there was no such alarm. Resolving the discrepancy between Plaintiff's testimony and that of Messrs. Hopson and Murray would require a credibility determination that is inappropriate in the context of a motion for summary judgment. Est. of Smith v. City of Wildwood, No. 16-0925, 2018 WL 4639182,

at *3 (D.N.J. Sept. 27, 2018) (citing <u>Anderson</u>, 477 U.S. at 255). Plaintiff, as the party opposing summary judgment, is entitled to the benefit of the reasonable inference that the backup alarm did not sound. Therefore, the Court shall deny the United States' motion with respect to Count Four of the Amended Complaint.

d. <u>Count Five – Negligent Operation and Maintenance of Loading and Unloading Area.</u> Count Five alleges injuries sustained by Plaintiff as a result of the United States' allegedly negligent operation and maintenance of the loading and unloading area at issue in this case. (Amended Complaint [Docket Item 16], Count Five ¶ 3-4.) However, at oral argument, Plaintiff conceded that he believes that Count Five is repetitive of the remaining allegations set forth in Counts One, Three, and Four of the Amended Complaint. As such, the Court shall dismiss Count Five.

e. <u>Count Six – Negligence and Other Breach of Duty Related to Using the Work of Prisoners in the Loading and Unloading Areas.</u> Plaintiff brings suit in Count Six for injuries sustained by Plaintiff as a result of the United States' breach of its duty (negligently or otherwise) "to take reasonable precautions to protect the public by the use of prisoners in the operation of its loading and unloading of deliveries, including in the operation of mechanical equipment including forklifts."

(Amended Complaint [Docket Item 16], Count Six ¶ 6.) Plaintiff's counsel indicated at oral argument that he is only pursuing this Count insofar as it relates to Plaintiff's allegation that the United States was negligent in giving Mr. Hopson access to a forklift in the presence of the public, and that the remainder of this Count is withdrawn. Specifically, Plaintiff argues that the FTCA's discretionary function exception does not shield the United States from liability for Mr. Murray's actions related to "loading dock operational activities" and/or supervision. (Pl.'s Opp'n [Docket Item 43], 27-31.) However, the Court notes that this theory of liability overlaps with Counts One and Three of the Amended Complaint, making it repetitive.

Because the Court is unsure that Plaintiff has withdrawn his claim that the United States was negligent in permitting a worker/inmate like Mr. Hopson to operate a forklift in the presence of a member of the public at the warehouse, this allegation of negligent staffing will be addressed. First, Plaintiff does not assert a factual basis for claiming that there was something about Mr. Hopson that made him unsuitable to operate a forklift; instead, Plaintiff makes the more generic claim that the decision to use an inmate to operate such machinery was itself negligent. As the United States points out, the discretionary function exception bars claims for negligently deciding to assign prisoners to work duties, because BOP is

required by law to assign prisoners to work and the BOP has discretion to determine which job each prisoner will have. (See United States' Br. [Docket Item 39-1], 18-21.) This is correct because the discretionary function exception of § 2680(a) precludes

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The United States rightly points out in its brief that "Congress has directed that 'convicted inmates confined in Federal prisons, jails, and other detention facilities shall work,' . . . and thus the BOP has no choice but to assign work to the inmates in its custody," and that "the type and manner of [an inmate's] work has been left to the BOP's discretion." (United States' Br. [Docket Item 39-1], 19 (quoting Crime Control Act of 1990, Pub. L. No. 101-647, § 2905, 104 Stat. 4789 (1990)).) Further, the United States notes that "the BOP has promulgated regulations providing that "[e]ach sentenced inmate who is physically and mentally able is to be assigned to an institutional, industrial, or commissary work program," . . . but, beyond these regulations, there is nothing that mandates

particular job assignments."[6] (Id. (quoting 28 C.F.R. § 545.23(a)).)

The Third Circuit has summarized the Supreme Court's jurisprudence surrounding the discretionary function exception thusly:

> [a c]ourt must undertake a two-part inquiry to determine if the discretionary function exception applies in a particular case. See United States v. Gaubert, 499 U.S. 315, 322–23, 111 S. Ct. 1267, 113 L.Ed.2d 335 (1991); see also [Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008)]. First, [a c]ourt must consider whether the act that gave rise to the injury alleged involves "an element of judgment or choice." Gaubert, 499 U.S. at 322, 111 S. Ct. 1267. If a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, then the first part is not satisfied, because the federal employee has no other option but to follow that course of action. Id.

> Second, [a c]ourt must determine "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Gaubert, 499 U.S. at 322–23, 111 S. Ct. 1267. To avoid judicial second-guessing, government actions and decisions that are based on considerations of public

---

[6] However, BOP's regulation does state that
> [i]n making the work and/or program assignment(s), staff shall consider the inmate's capacity to learn, interests, requests, needs, and eligibility, and the availability of the assignment(s). An inmate's assignment shall be made with consideration of the institution's security and operational needs, and should be consistent with the safekeeping of the inmate and protection of the public.

28 C.F.R. § 545.23(d).

policy will be shielded, and the focus of this inquiry is not on the federal employee's subjective intent, but rather, "on the nature of the actions taken and on whether they are susceptible to policy analysis." [S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 333 (3d Cir. 2012)] (quoting Gaubert, 499 U.S. at 325, 111 S. Ct. 1267). While [plaintiff bears] the burden of establishing that [its] claims [fall] within the scope of the FTCA, the [United States has] the burden of showing that the discretionary function exception [applies]. Id. at 333.

Middleton v. United States Fed. Bureau of Prisons, 658 F. App'x 167, 169 (3d Cir. 2016).

Regarding federal inmate work assignments, the Third Circuit has found that

> [t]he act of assigning an inmate to a prison job involves an element of judgment or choice. . . . [BOP's] policy on work assignments states that such assignments should be made "with consideration of the institution's security and operational needs, and should be consistent with the safekeeping of the inmate and protection of the public." [Middleton v. United States, No. 13-1085, 2015 WL 5178070, at *3 (M.D. Pa. Sept. 3, 2015).] Turning to Gaubert's second step . . . the assignment of work is intended to promote inmate rehabilitation and the facility's security needs. Accordingly[,] the assignments given to the inmates by [BOP] staff were covered by the discretionary function exception.
>
> More specifically, . . . the BOP exercises discretion in assigning inmates to work details, and . . . such decisions are essentially grounded in "policy related analysis." See Santana-Rosa v. United States, 335 F.3d 39, 43-44 (1st Cir. 2003). The decision about what duties were appropriate for [a particular inmate] was based on the

> same "policy related analysis." . . .
> Accordingly, the discretionary function
> exception [applies] to . . . negligent
> supervision claims . . . .

Middleton v. United States Fed. Bureau of Prisons, 658 F. App'x

167, 170 (3d Cir. 2016).

It follows, then, that the assignment of Mr. Hopson to a

work duty that included the operation of a forklift at the FCI

Fort Dix warehouse is a discretionary function for the same

reasoning laid out by the Third Circuit in Middleton, supra.

Such an assignment includes "an element of judgment or choice,"

Gaubert, 499 U.S. at 322, and is "grounded in 'policy related

analysis.' Middleton, 658 F. App'x at 170 (citing Santana-Rosa,

335 F.3d at 43–44). Therefore, Plaintiff's claims regarding the

propriety of assigning inmates to operate forklifts at FCI Fort

Dix are barred by the discretionary function exception and the

United States' motion for summary judgment shall be granted as

to this form of claim.

Similarly, to the extent Plaintiff asserts that the BOP

owes a special duty to provide an extra measure of public

protection when an inmate/worker is nearby, that claim is also

barred by the discretionary function exception. As argued by the

United States, (see United States' Br. [Docket Item 39-1], 25–

26), questions of overall policies for security at the

intersection of the prison and the public space are

discretionary. Choosing to implement greater safety or security measures at the warehouse certainly includes "an element of judgment or choice," Gaubert, 499 U.S. at 322, and it implicates similar policy considerations as those described in Middleton, 658 F. App'x at 170, and Santana-Rosa, 335 F.3d at 43-44, including facility's security needs, budgetary concerns, and the character of the inmate population.  Therefore, Plaintiff's claims regarding BOP's duty to provide an extra measure of public protection when an inmate/worker is nearby are barred by the discretionary function exception and the United States' motion for summary judgment shall be granted as to this form of claim. Accordingly, summary judgment is granted on Count Six.

f.   Count Seven - Negligence of John Does. Plaintiff brings suit in Count Seven against John Does 1-20 (fictious names) for injuries sustained by Plaintiff as a result of negligence on the part of the John Does. (Amended Complaint [Docket Item 16], Count Seven ¶ 2-3.) However, Plaintiff conceded at oral argument that he would consent to dismissing Defendants John Does 1-20 (fictious names) without prejudice. The Court shall therefore dismiss Count Seven and Defendants John Does 1-20 (fictious names) without prejudice and the United States shall be the only remaining defendant in this case.

8.   **Conclusion.** For the reasons stated above, Count Two will be dismissed as to Defendant Hopson individually, while

preserving Plaintiff's claim that Mr. Hopson's alleged negligence in the operation of the forklift is attributable to the United States under the FTCA and as alleged in Count One. Count Three will similarly be dismissed, except that Plaintiff's allegation that Mr. Murray was negligent in his dealings with Plaintiff is preserved and merged into Count One, since such negligence would be attributable to the United States. Summary judgment is denied as to Count Four alleging that the forklift did not sound its backup warning signal before striking Plaintiff. Count Five is dismissed as repetitive of other claims. Summary judgment is granted on Count Six due to the discretionary function exception of 28 U.S.C. § 2680(a) as applied to the decision to assign inmates to job functions interacting with the public, including forklift operations. Count Seven, alleging John Doe liability, is also dismissed. An accompanying Order will be entered.


**December 11, 2018**                   **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Judge